## BROWN v. SOUTHERN RY.

1. Damages—Evidence.—Declarations of deceased that his children were trying to get his property from him, are not competent in mitigation of damages in an action by his heirs for damages for his death by negligence.

2. Ibid.—Mental Suffering.—It is not error for Judge to instruct jury that they might give damages to heirs of deceased for *"loss"* resulting from grief or mental suffering.

3. RAILROADS.—THE SIGNALLING STATUTES apply to a train of cars across a highway, the engine of which has already crossed not to return, and the signals must be given for thirty second before such train is moved.

4. CHARGE.—Judge did not assume that the engine was at or near a highway, and his reference to it was to vitalize the case in the minds of the jury, and is not a charge on the facts.

Before WATTS, J., Union, May term, 1902.    Affirmed.

Action by Joyce Brown, administrator, against Southern Railway.    From judgment for plaintiff, defendant appeals on the following exceptions:

"His Honor erred:

"1. In not permitting the witness, S. T. Clowney, to testify to the statements of Martin Brown as to the efforts Brown's children had been making in trying to get his property from him.    The error being that this being a statement of one through whom the children were claiming as beneficiaries, it was competent and relevant to prove this statement on the question of the amount of damages and in mitigation thereof.

"2. In charging the jury that they could 'award damages to the family of the deceased for any wounded feelings, or mental suffering, or any shock to their affections, and anything of that sort, in addition to such pecuniary loss that the party has sustained.'    The error being, that while under the statute the jury are allowed to give such damages 'as they may think proportioned to the injuries resulting from such death,' it is respectfully submitted: (a) That neither wounded feelings, or mental suffering, or shock to affections, are the subject of damages, unless they cause some physical injury or sickness of some kind.    (b) That mere wounded feelings, or mental suffering, or shock to affections, unaccompanied by any physical injury or sickness of some kind, are not the subject of damages, especially for injuries done to some one else besides the person who undergoes mental suffering, or wounded feelings, or shock to affections.    (c) That his

Honor by his charge left it to the jury to give damages for the death of the deceased, for mental suffering, wounded feelings and shock to affections, even though they may not have produced physical injuries or sickness of some kind. (d) Then by his charge his Honor allowed the jury to award damages to the family of the deceased for wounded · feelings, or mental sufferings, or shock to their affections, without proof or evidence of any kind that a large number of the members of this family had undergone any wounded feelings, or mental suffering, or shock to their affection. (e) That by his charge his Honor failed to comply with sec. 26, art. V., of the Constitution, in that he failed to declare the law applicable to the case at bar, in connection with this portion of his charge, in not instructing the jury that mental suffering, wounded feelings, or shock to the affections, must cause or produce injury before damages could be allowed

"3. Because after reading the statute in reference to the ringing of the bell or sounding of the whistle, his Honor charged as follows: 'Now, I charge you as a matter of law, that if the engine or cars were at a standstill within' the distance of a hundred rods of such crossing before they started that car, it was their duty to ring the bell or blow the whistle for at least thirty seconds before they moved the engine, and it was their duty to keep ringing or sounding it until the engine could have crossed such public highway or street or traveled place, and if they failed to do that, then that was negligence on their part *per se,* if it was within a hundred rods of the public crossing, and if they moved that engine or that train of cars without sounding that bell or blowing that whistle for at least thirty seconds before they moved it, and failed to keep ringing the bell or sounding the whistle until the engine crossed the public highway, street or traveled place, then they were guilty of negligence *per se;* if you think they were guilty of negligence, and their negligence was the direct and proximate cause of plaintiff's intestate's death, then you can award plaintiff in this case, administratrix of his estate, such damages as you think she

has sustained, proportionate to the injury sustained. The error being as it is respectfully submitted: (a) That inasmuch as the engine was already across the alleged highway for the purpose of going on further and not recrossing or again crossing such alleged highway, his Honor left it in the power of the jury to give damages against the defendant for failure to continue to ring the bell until it could have again crossed such highway, although it was not the purpose or intention of those in charge of the engine and train to again cross said highway, and although the bell may have been ringing for more than thirty seconds before the engine moved from where it then was. (b) Because under his Honor's charge the jury were empowered to give damages against the defendant company, even though the bell may have been ringing for thirty seconds before the engine moved from where it then was. (c) Because under his Honor's charge, he not only required the bell to be ringing or the whistle to be sounded for at least thirty seconds before the engine moved, and continue to ring until it crossed such highway, but he also required that the whistle should be kept sounding or the bell ringing until the engine could have crossed the alleged highway, although it was going away from said highway, and it was not the intention of those in charge of the engine and train to cross or recross such alleged highway. (d) Because by his Honor's charge he instructed the jury that where an engine has already crossed a street or highway and is at a standstill, that it must not only sound its whistle or ring its bell for thirty seconds before moving, but that it must continue to ring said bell or sound such whistle until such engine should have crossed such street or highway, but also that it must continue to ring the bell until it crossed such street or highway, even though it appear that it was going away from such street or highway; whereas, it is respectfully submitted that under such circumstances it is only required that the bell should be rung or whistle sounded for thirty seconds before moving the engine or train of cars. (e) Because it is respectfully

submitted that where an engine attached to a train of cars is at a standstill, with part of the train on one side and part on the other side of any street or highway, the statute does not apply, nor was it the intention of the legislature to require the engine to sound its whistle or ring its bell for thirty seconds before moving such engine, and to keep the same ringing until the engine could or should cross such street or highway, especially if, as under the facts in this case, it · appears that it was not the purpose of those in charge of such engine and train to recross said street with such engine. (f) Because in so charging, his Honor charged upon the facts and stated facts to the jury, contrary to the provisions of sec. 26, art. V., of the Constitution of this State, which provides that Judges shall not charge juries in respect to matters of fact. (g) Because in so charging, his Honor assumed as matter of fact that there was a public highway at the place where the injury occurred. (h) Because in so charging, his Honor assumed as matter of fact that there was an engine and cars of the defendant company at or near a public highway where the alleged injury occurred.

"4. Because his Honor in his charge failed to instruct the jury in reference to the defense of contributory negligence, except in so far as the same applied to injuries received at a highway crossing by collision with an engine or train of cars. The error being, it is respectfully submitted, that by this failure he confined the jury to the consideration of the defense of contributory negligence of the deceased, solely to injuries received at an alleged highway crossing, by being injured while crossing between two cars of the defendant, on account of the alleged failure to ring the bell or sound the whistle, as required by statute; whereas, it is respectfully submitted his Honor should have charged the jury as to what constituted contributory negligence under the common law.

"5. Because his Honor in charging the jury in reference to the defense of contributory negligence, confined the jury to that defense under the statute, instead of also instructing

them as to what would constitute contributory negligence under the common law.

*Mr. C. P. Sanders,* for appellant, cites: *As to damages for wounded feelings, mental suffering, &c.:* Code, 1902, 2852; 52 S. C., 333; 29 S. C., 161; Bus. on Per. Inj., secs. 8, 9; 8 Ency., 2 ed., 664; 63 Am. Dec., 587; 77 Am. Dec., 72; Wat. on Dam. for Per. Inj., 512. *Judge must declare law applicable to the facts:* 47 S. C., 521; 59 S. C., 104. *Signalling statutes do not apply here:* Code, 1902, 2132. *Saying in charge "the engine," "the bell," &c., is charge on facts:* 47 S. C., 488; 51 S. C., 460.

*Messrs. V. E. DePass* and *Stanyarne Wilson,* contra, cite: *Declarations of deceased as to his children trying to get his property away from him, are not admissible:* 60 S. C., 402; 7 Ency., 68, 71, 72; 5 Ency., 366, 367; 26 S. C., 235; 29 S. C., 338; 33 S. C., 577; 34 S. C., 18. *As to damages for mental suffering, &c.:* 59 S. C., 105. *Signalling statutes apply here:* 49 S. C., 12; 61 S. C., 409. *No error to charge failure to give signals is negligence, per se:* 54 S. C., 509.

February 25, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action to recover damages for the killing of Martin Brown, plaintiff's intestate, by the defendant, on October 24th, 1900, was tried in the Court of Common Pleas for Union County, before Honorable R. C. Watts. The jury found a verdict for the plaintiff for one thousand dollars, and defendant appeals. For the purposes of this discussion it is only necessary to say of the pleadings that the complaint, in substance, alleged that defendant had obstructed a highway at Blairs with a train of cars for more than fifteen minutes; that Martin Brown, desiring to cross the railroad on the highway, undertook to go over the bumpers between the cars, as others were doing within the observation of defendant's agents, when the agents of the

defendant gave two quick sounds of the whistle, and simultaneously moved the car with great violence, throwing Brown to the ground between the cars, where he was crushed to death. The defendant denied the allegations of the complaint, and alleged contributory negligence of deceased.

The first ground of appeal alleges error by the presiding Judge: "In not permitting the witness, S. T. Clowney, to testify to the statements of Martin Brown as to the efforts Brown's children had been making in trying to get his property from him. The error being that this being a statement of one through whom the children were claiming as beneficiaries, it was competent and relevant to prove this statement on the question of the amount of damages and in mitigation thereof." The fallacy of the position taken in this exception consists in assuming that those to be benefitted by any recovery in this action were in any legal sense claiming through the deceased. This action under Lord Campbell's Act is not a revival or continuance of any action the decedent would have had if his injuries had not been fatal. *In re Estate of Mayo,* 60 S. C., 401, 38 S. E. R., 634. Besides, the declaration which the defendant proposed to prove the deceased had made as to his children trying to get his property from him would not have been against his interest, if he had survived and brought an action for injuries, and it would have been quite irrelevant to the issue in such action. This declaration, therefore, was not at any time against the interest of the person who may have made it, and certainly could not be proved in this case against a party suing on a cause of action which is not a revival of any cause of action the declarant might have had if he had survived.

The second exception assigns error in the charge to the jury because, as appellant construes the language of the presiding Judge, the jury were instructed they might find damages for mental suffering or shock to the affections without proof of injury resulting from such

suffering or shock. On this point the charge was in precise accordance with the law as stated in *Nohrden* v. *R. R. Co.,* 59 S. C., 87, 37 S. E. R., 228; and *Stuckey* v. *R. R.,* 60 S. C., 253, 38 S. E. R., 216. In the charge sustained in the latter case the jury were instructed they might find damages for "injury" produced by grief, and in this instance the word used was "loss" instead of "injury," which was practically an equivalent word in this connection. In addition to this, at the request of defendant, the jury were instructed: "Even if the deceased was killed by the negligence of the defendant, still the verdict must not exceed the actual amount of the injury done the beneficiaries, and if they have not been injured, then the verdict must be for the defendant." The appellant in this exception also insists the Circuit Judge should not have submitted to the jury the question of damages for mental suffering, because there was no evidence of such suffering. The family relations of the deceased were brought in issue and a number of witnesses testified on the subject. The defendant undertook to show the life of the deceased lacked both pecuniary and sentimental value to those claiming damages for his death. The issue thus made was necessarily submitted to the jury. *Strother* v. *R. R. Co.,* 47 S. C., 375, 25 S. E. R., 272.

As we understand, appellant makes three questions in the third exception. It is contended, first, that section 2132 of the Civil Code applies only where a railroad train is approaching a public way of the character mentioned in the statute, or has come to a stop before the engine has reached the crossing, and not where it has come to a stop across such public way after the engine has passed it, without intention of those having it in charge that it should return. The following is the section under consideration: "A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and such bell shall be rung, or such whistle sounded, by the engineer or fireman, at the distance of at least five hundred yards from the place where the railroad crosses any public highway or street

or traveled place, and be kept ringing or whistling until the engine has crossed such highway or street or traveled place; and if such engine or cars shall be at a standstill, within a less distance than one hundred rods of such crossing, such bell shall be rung, or such whistle sounded, for at least thirty seconds before such engine shall be moved; and shall be kept ringing or sounding until such engine shall have crossed such public highway or street or traveled place." Code, 1902, sec. 2132. It might be sufficient to say this question has been decided adversely to the view of the appellant in *Littlejohn* v. *R. R. Co.,* 45 S. C., 181, 22 S. E. R., 789; and *Littlejohn* v. *R. R. Co.,* 49 S. C., 16, 22 S. E. R., 767; *Burns* v. *R. R. Co.,* 61 S. C., 409, 39 S. E. R., 567; but appellant asked and received permission to review those cases. The argument of appellant that the last clause of the statute requiring the signals to be continued "until the engine shall have crossed such public highway or street or traveled place," coming just after the provision requiring that the bell shall be rung or the whistle sounded for at least thirty seconds when the engine or cars are at a standstill before it shall be moved, indicates that the statute applies only when the engine has not crossed the public way, is not without apparent force. It will be observed, however, that the clause of the statute relating to an engine or cars at a standstill is in itself perfectly clear and free from ambiguity. It plainly provides if the engine or cars are at a standstill, or being at a less distance than one hundred rods of such crossing, then the signals must be given at least thirty seconds before the engine shall be moved. To hold that this provision of the statute has no application when the engine has already crossed the public way, because a succeeding clause, separated from it by a semi-colon, provides for the continued ringing of the bell or sounding the whistle until the engine shall have crossed such public way, would be limiting the plain words of this portion of the statute by inference from words used in a succeeding clause not necessarily inconsistent. The last clause of the statute manifestly has no

application when the engine has already crossed the public way; but it is not sufficient to limit the preceding clause, requiring the signal to be given for at least thirty seconds before the engine is moved, to cases where the engine has not crossed the public way. To sustain this view, we do not think it necessary to depart from the strict construction of the statute.

The appellant in this exception further insists that the presiding Judge was in error in submitting the last clause of the statute to the consideration of the jury, because the engine having already crossed the alleged highway, the provision requiring the signals to be continued until the engine should cross, had no application. It will be observed the presiding Judge did not state this portion of the statute had any application to the facts of the case. He did not even take for granted the engine had passed, but left all the facts to the jury. It is true, he recited the whole section and charged the entire law which it enacted, but this certainly could not prejudice either party, because the jury could not have based their verdict on any failure of defendant to give signals before crossing the alleged public highway, when there was no testimony whatsoever that there was any violation of the law in this regard, and there was no issue of this kind made either in the pleadings or the evidence.

The third objection to the charge made by appellant in this exception, is that the presiding Judge "assumed as a matter of fact that there was an engine and cars of the defendant company at or near a public highway when the alleged injury occurred." The nature of the crossing was one of the questions in the case, and we are unable to find in the charge any assumption that it was a public highway. The presiding Judge did refer to the engine and cars, but it is manifest no intelligent charge in this case could have been made without doing so. The constitutional provision on this subject does not require the Circuit Judge to deal in abstractions. He may not state the facts, but it was not intended that he should be forbidden

to vitalize the case in the minds of the jury by reference to objects around which the evidence clusters.

The appellant insists in his fourth and fifth exceptions that the charge was defective in not containing a statement of the doctrine of contributory negligence at common law. Examination of the charge does not sustain this exception. In the body of the charge it was said: "I charge you as a matter of law they had a right to stop on the highway, if it was a highway, for a reasonable length of time; but if they stopped there an unreasonable time, then the plaintiff has a right to cross that train, provided he observes due care and caution to not contribute to any injury that may be brought to himself by crossing that train." The appellant's fourteenth, fifteenth and sixteenth requests to charge, which were all allowed, were intended also to cover the common law of contributory negligence applicable to the case. The appellant does not allege either in his exceptions or argument that the Circuit Judge was in error in anything that he charged on this subject, but that he failed to charge on the subject at all. It seems to the Court the appellant has fallen into an erroneous impression as to the fact, for the views of the Circuit Judge on this subject were given to the jury in his charge, and they were by no means unfavorable to appellant.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

*Argued before full Court, R.*